**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**COURTNEY O. HUNT**                                                                           **PETITIONER**

**V.**                                                                                                                                                        **NO. 1:08CV296-M-D**

**MDOC, et al.**                                                                                        **RESPONDENTS**

**MEMORANDUM OPINION**

This cause comes before the court on the petition of Courtney Hunt for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and the Respondents' motion to dismiss. After due consideration, the court finds that Respondents' motion to dismiss shall be granted and the petition dismissed with prejudice.

*A. Factual and Procedural Background*

Following convictions for several different offenses, on November 3, 2005, Hunt's supervised release was revoked in the Circuit Court of Lee County, Mississippi. Hunt was was sentenced to serve five years of his original thirty year sentence in the custody of the Mississippi Department of Corrections. Hunt completed his five year term and was released from confinement on July 18, 2008. Importantly, Hunt never pursued an appeal from his conviction or any post-conviction relief in state court. Hunt, instead, filed this habeas petition on December 19, 2008.

Hunt's petition is strewn with information regarding his alleged mental disorders and physical maladies. Although he asks that the court vacate the remaining portion of his suspended sentence and to be placed in a mental institution, he also asks for monetary damages. Hunt never presents any challenge to the constitutional validity of his state court sentences or convictions. For several reasons, Hunt's petition shall be dismissed.

*B. Statute of Limitations*

The Antiterrorism and Effective Death Penalty Act of 1996 (Public Law No. 104-132, 110 Stat. 1214) (hereinafter, the AEDPA), which was signed into law on April 24, 1996, amended habeas

corpus procedure in several different ways. Before the AEDPA there was no specific statute of limitations provision. The AEDPA provided such a limitation:

> (d)(1) 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1).

Under Mississippi law, a defendant can challenge the revocation of his supervised release by filing a motion for post-conviction collateral relief. *See* Miss. Code Ann. § 99-39-5; *Griffin v. State*, 382 So.2d 289, 290 (Miss. 1980) (an order revoking a suspended sentence or revoking probation is not appealable). Hunt admittedly failed to pursue any remedies available to him in State court. Thus, under the AEDPA Hunt had one year from the date of revocation or until November 3, 2006, to file a federal habeas petition. 28 U.S.C. § 2244(d). Hunt, however, did not file his

2

petition until December 19, 2008.[1]  The petition was, thus, filed 777 days beyond the expiration of the one-year limitations period.

The petition is untimely unless Petitioner can demonstrate that the one-year limitations period should be tolled.  A petitioner must cite "rare and exceptional" circumstances to warrant equitable tolling, or that he was actively misled or prevented in some extraordinary way from asserting his rights.  *Ott v. Johnson*, 192 F.3d 510, 513- 514 (5th Cir. 1999).  Hunt makes no argument to overcome the untimeliness of his petition.  *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir.1991) ("ignorance of the law alone is not sufficient to warrant equitable tolling."); *see also Felder v. Johnson*, 204 F.3d 168, 172-73 (5th Cir. 2000).

Accordingly, Hunt has not alleged the existence of any "rare and exceptional" circumstances that would permit the court to consider his petition.  The doctrine of equitable tolling will not be used to breath life into his untimely habeas claims.  Consequently, the petition must be dismissed with prejudice as barred by the one-year statute of limitations.

## C. Exhaustion

Even if Hunt's petition was not untimely, it is well-settled that a state prisoner seeking habeas corpus relief in federal court must first exhaust available state remedies.  28 U.S.C. § 2254(b)(1) and (c)[2]; *see also, Rose v. Lundy*, 455 U.S. 509, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982).  An applicant

---

[1] This date does not take into consideration the mail-box rule.  The few days Hunt may have been afforded under that rule, however, would make no difference in the timeliness of his petition.  *Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998) (mailbox rule is applicable to pro se prisoners).

[2] 28 U.S.C. §2254 (b)(1) and (c) provide:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that-
(A) the applicant has exhausted the remedies available in the courts of the State; or
(B)(i) there is an absence of available State corrective process; or
(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

"shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of [§ 2254] if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). Thus, it is a fundamental prerequisite to federal habeas relief that a petitioner exhaust all his claims in state court prior to seeking federal collateral relief. *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995).

To satisfy this requirement, the petitioner "must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Accordingly, "when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief." *Id.* at 844.

By his own admission, Petitioner states that he has not pursued any post-conviction relief. It is abundantly clear that Petitioner has not presented his claims to the State's highest court as required before pursuing federal habeas relief. *See* Miss. Code Ann. §§ 99-39-1 *et seq*. The federal habeas petition can also be dismissed due to the Petitioner's failure to exhaust.

### D. Failure to State a Claim

To warrant federal habeas corpus review, a state prisoner must satisfy two jurisdictional prerequisites: first, that he is in custody, and second that his claims challenge that custody on the basis of federal law. 28 U.S.C. §§ 2241(c)(3) and 2254; *Boyd v. Scott*, 45 F.3d 876, 881 (5th Cir. 1994) (the writ is available to a state prisoner only on the ground that he is in custody in violation of the Constitution or laws and treaties of the United States). Only claims that challenge the fact or length of confinement and seek an immediate or expedited release are cognizable in habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 499 n.14, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973). Hunt has failed to satisfy the jurisdiction prerequisites. Hunt has also failed to allege that his conviction and sentence are unconstitutional.

---

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

Hunt, rather, is seeking monetary damages for his prior conviction and sentence. A petitioner may not seek monetary damages for an allegedly illegal sentence and conviction, unless his confinement has been declared unconstitutional or called into question. *Heck v. Humphrey*, 512 U.S. 477, 486-87 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). If under those circumstances, a defendant's conviction has been declared invalid then a 42 U.S.C. § 1983 complaint would be the appropriate vehicle to seek monetary damages for a wrongful conviction.

To the extent that Hunt complains about his housing assignment, his petition must also fail. Hunt asks that the court order him confined in a mental institution which could be construed as a complaint about his housing assignment. An inmate, however, has no protectable property or liberty interest to any particular housing assignment or custodial classification. *See Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999); *Wilson v. Budney*, 976 F.3d 957, 958 (5th Cir. 1992). Hunt has, therefore, failed to state a claim upon which habeas relief would be proper.

*E. Conclusion*

Hunt's petition for habeas relief shall be denied. Foremost, his petition is untimely. Additionally or in the alternative, he has failed to state a claim upon which habeas relief may be granted. Even if Hunt's petition were not barred by the statute of limitations, he has failed to exhaust his claims by presenting them to the Mississippi State Supreme Court. For all the foregoing reasons, Hunt is not entitled to habeas relief.

A final judgment in accordance with this opinion will be entered.

THIS the 18th day of June, 2009.

**/s/ MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**